Virginia Lum Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, J. Christian Adams, Esq., U.S. Department of Justice, Voting Section, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Manjit Kaur Sidhu, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Sidhu admitted she lied concerning the identification of her husband, and this admission goes to the heart of her claim. *See id.* at 741–44. In the absence of credible testimony, Sidhu's asylum and withholding of deportation claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Sidhu's CAT claim is based on the testimony the IJ found not credible, and Sidhu points to no other evidence to show it is more likely than not she would be tortured if returned to India, her CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

**Audencio Edgar ROBLERO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 06–74012, 08–72710.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

850

Frank H. Kim, I, Esquire, National Legal Associates, San Francisco, CA, Audencio Edgar Roblero, for Petitioner.

Ada Elsie Bosque, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

In No. 06–74012, Audencio Edgar Roblero, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. In No. 08–72710, Roblero petitions for review of the BIA's order denying his motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petitions for review.

Assuming Roblero's evidence to be credible, the agency determined that Roblero failed to establish that he suffered or fears

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

persecution on account of a protected ground. The record does not compel a contrary result. *See Tecun–Florian v. INS,* 207 F.3d 1107, 1109–10 (9th Cir. 2000). Accordingly, substantial evidence supports the agency's denial of Roblero's asylum and withholding of removal claims. *See Ramos–Lopez v. Holder,* 563 F.3d 855, 862 (9th Cir.2009). Substantial evidence also supports the agency's determination that Roblero failed to establish eligibility for CAT relief. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

We lack jurisdiction to review the agency's discretionary determination that Roblero failed to show the hardship to a qualifying relative required for cancellation of removal. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Roblero's contention that the agency failed to consider his evidence of hardship in the aggregate does not present a colorable claim. *See id.*

We agree with the BIA's conclusion that Roblero failed to establish that former counsel's representation resulted in prejudice, and thus Roblero's claim of ineffective assistance of counsel fails. *See Mohammed,* 400 F.3d at 793–94.

To the extent Roblero challenges the BIA's decision to not exercise its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a), we lack jurisdiction. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.